**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bobby Purcell, | No. CV-15-01316-PHX-SRB (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

The Court now considers Petitioner Bobby Charles Purcell's ("Petitioner") Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Doc. 1, ("Pet.").) The Court referred the matter to Magistrate Judge Eileen S. Willett for a Report and Recommendation ("R&R"), and on May 9, 2022 she recommended that this matter be stayed pending resolution of Petitioner's state court proceedings. (*See* Doc. 46, R. & R.) Petitioner timely objected. (*See* Doc. 47, Objs. to R. & R. ("Objs.").) Respondents filed a Response to the Objections on June 3, 2022. (*See* Doc. 48, Resp. to Objs. ("Resp.").) Having reviewed the record de novo, the Court overrules the Objections, adopts the R&R, and stays this matter.

**I.     BACKGROUND**

The unique background of this case was thoroughly summarized in the R&R and is incorporated herein:

> On July 14, 2015, Petitioner filed a Petition for Writ of Habeas Corpus. As detailed in the Court's Screening Order:
>
> Petitioner was convicted in Maricopa County Superior Court,

case #CR1998-008705, of two counts of first-degree murder, nine counts of attempted first-degree murder, and one count each of aggravated assault and misconduct involving weapons. He was sentenced to multiple terms of imprisonment, including two terms of natural life imprisonment.

In his single ground for relief, Petitioner asserts that his life sentences were unconstitutional pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012) because they were imposed for crimes he committed when he was sixteen years old. In *Miller v. Alabama*, 132 S. Ct. 2455 (2012), the Supreme Court established procedural requirements that must be followed before a court may impose such a sentence on a juvenile homicide offender.

In *Montgomery v. Louisiana*, 136 S. Ct. 718, 725 (2016), the Supreme Court explained that *Miller* "held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." The Supreme Court determined that *Miller* announced a new substantive rule of constitutional law that is to be retroactively applied. *Id.* at 736. The Supreme Court also clarified that *Miller*'s holding has a procedural component. *Id.* at 734. That is, "*Miller* requires a sentencer to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence." *Id.* "A hearing where 'youth and its attendant characteristics' are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not." *Id.* at 735. That hearing "gives effect to *Miller*'s substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity." *Id.* The Court reiterated the statement in *Miller* "that a lifetime in prison is a disproportionate sentence for all but the rarest of children, those whose crimes reflect 'irreparable corruption.'" *Id.* at 726. Lack of "a formal factfinding requirement does not leave States free to sentence a child whose crime reflects transient immaturity to life without parole." *Id.* at 735.

On October 16, 2015, the Court granted Petitioner's Motion requesting that the Court stay the habeas proceeding pending resolution of his state court appeal concerning the dismissal of his petition for post-conviction relief.

After the Arizona Supreme Court denied Petitioner's Petition for Review, Petitioner sought certiorari review in the United States Supreme Court. On October 31, 2016, the United States Supreme Court granted the petition for certiorari, vacated the Arizona Court of Appeals decision affirming the trial court's denial of post-conviction relief, and remanded the matter to the Arizona Court of Appeals for further consideration in light of *Montgomery v. Louisiana*, 135 S. Ct. 718 (2016).

The Arizona Court of Appeals issued an Order directing the parties to file supplemental briefs regarding the issues to be decided on remand. Instead of filing a supplemental brief, the State stipulated that in light of *Montgomery*, the Arizona Court of Appeals should grant post-conviction relief and remand the case to the trial court for resentencing. On February 16, 2018, the Arizona Court of Appeals accepted the State's stipulation and remanded the case to the trial court for resentencing.

On March 1, 2018, as it appeared that the state courts granted his

requested relief, Petitioner moved to voluntarily dismiss his Petition for Writ of Habeas Corpus as moot. On March 6, 2018, the Court lifted the stay and dismissed the case as moot.

On April 22, 2021, the United States Supreme Court issued its opinion in *Jones v. Mississippi*, 141 S. Ct. 1307 (2021). The Supreme Court clarified that *Miller* did not require that a sentencing court make any specific finding of permanent incorrigibility or any on-the-record explanation with an implicit finding of permanent incorrigibility. *Id.* at 1314–15, 1319–21. Rather, it is sufficient that a sentencing court has the discretion to consider "an offender's youth and attendant characteristics" and the discretion to sentence the offender to a term less than life without parole in order to satisfy *Miller*. *Id.* at 1316–18.

On June 18, 2021, the State filed a motion in the trial court requesting that, in light of *Jones*, the State be permitted to withdraw from its stipulation to resentencing. In its Motion to Withdraw, the State asserted that:

> The pending resentencing should be vacated because after *Jones* it is clear that Purcell's discretionary natural life sentences, where the court could have imposed a lesser sentence and considered Purcell's youth and attendant characteristics, are constitutional under *Miller*, 567 U.S. at 477–78, and no resentencing is required. Although the State stipulated to resentencing in the Arizona Court of Appeals, the stipulation was made **in light of *Montgomery*** after remand from the Supreme Court based on the Courts' incorrect broadened interpretation of *Montgomery*. . . . After *Jones*, the basis for the stipulation to resentencing—"in light of *Montgomery*"—no longer exists.

The State further asserted that "the State should be permitted to withdraw from the stipulation to resentencing because the state of the law upon which the stipulation was based—in light of *Montgomery*—has changed. . . . *Jones*'s clarification of what *Miller* held, and what *Montgomery* did ***not*** hold, provides good cause for this Court to relieve the State of its stipulation to resentencing and vacate the resentencing proceedings."

In a minute entry filed on November 16, 2021, the trial court concluded that *Jones* constitutes a change in the state of the law and that the trial court may thus "deviate from the mandate and relieve the State of the stipulation it made in the Court of Appeals." The trial court stated that "[t]o find otherwise would be to engage in a resentencing that is not constitutionally required under the law as it currently stands." In explaining why it was vacating the resentencing hearing and dismissing Petitioner's petition for post-conviction relief, the trial court stated:

> First, the Court finds that Purcell's sentencing complied with the requirement that the sentencer have the discretion to sentence him to a sentence less than natural life. Under A.R.S. § 13-703, the sentencing options available to the trial court were natural life or life with the possibility of release after 25 years. Thus, Purcell's natural life sentences were not mandatory.

> Second, even if *Miller* applies, the trial court thoroughly

- 3 -

considered Purcell's youth and attendant characteristics, and thus satisfied *Miller*. In *Jones*, the Supreme Court found that *Miller* held that a sentence need not make a finding of permanent incorrigibility to impose a sentence of life without parole, but must only consider the offender's "youth and attendant characteristics." *Jones* at 1311, quoting *Miller* at 483.

Here, the trial court considered the fact that Purcell was 16 years of age at the time of the homicides, as well as his lack of family support, including "parental rejection, abandonment and abuse." The Court considered that no adult in Purcell's life was willing or able to make Purcell a priority, and that at the age of sixteen, he could not cope with his tremendous problems on his own. Thus, the trial court satisfied *Miller*'s requirements.

Following the trial court's ruling, Petitioner filed a notice of appeal in the Arizona Court of Appeals. On December 7, 2021, the Arizona Court of Appeals dismissed the appeal, explaining that a defendant convicted at trial who seeks appellate review of a trial court's final decision in a post-conviction proceeding must file a petition for review. Petitioner moved for reconsideration, which the Arizona Court of Appeals denied. On December 22, 2021, Petitioner petitioned the Arizona Supreme Court for review of [the] Arizona Court of Appeals' order dismissing Petitioner's appeal. On April 5, 2022, the Arizona Supreme Court granted the Petition for Review."

(R. & R. at 2–5 (record citations and footnote omitted).) The Arizona Supreme Court is set to hear oral argument on a single issue—whether the Arizona Court of Appeals erred "by concluding that it did not have appellate jurisdiction over the dismissal of the re-sentencing proceedings"—on October 12, 2022.[1] (Doc. 43-2, Ex. U, Pet. for Rev. of Order Dis. App. at 3; Doc. 45, Ex. A, Not. of Ariz. Supr. Ct. Action; Ariz. Supr. Ct. 06/09/22 Order.)

On December 20, 2021, Petitioner moved to reopen this case in light of the State's successful withdrawal from its stipulation.[2] (*See* Doc. 34, Mot. to Reopen.) On January 27, 2022, the Court adopted a report and recommendation of Magistrate Judge Willet recommending reopening, granted the motion, and reopened the case. (Doc. 42, 01/27/22 Order.) Respondents then filed a Limited Answer to the Petition on March 7, 2022,

---

[1] The Arizona Supreme Court originally scheduled oral argument for June 16, 2022, but it granted Petitioner's motion to continue and rescheduled for October 12, 2022. (*See* Doc. 49-1, Ariz. Supr. Ct. 06/09/2022 Order.)

[2] The Court notes that the State stipulated to resentencing in almost every Arizona case from the U.S. Supreme Court's 2016 remand but has since successfully withdrawn from those stipulations. *See Tatum v. Ryan*, No. CV-15-00711-PHX-DJH, 2022 WL 1469790, at *1 (D. Ariz. May 10, 2022); *Arias v. Shinn*, No. CV-15-01236-PHX-GMS (MHB), 2022 WL 464910, at *1 (D. Ariz. Jan. 19, 2022); (*DeShaw v. Pacheco*, No. 2:16-cv-04607-DLR-JZB, Doc. 39-23 at 2.).

- 4 -

requesting that the Petition either be stayed and held in abeyance or denied and dismissed without prejudice. (Doc. 43, Limited Ans. to Pet.) Petitioner filed his Reply to the Limited Answer on April 5, 2022. (Doc. 44, Reply to Limited Ans.) Magistrate Judge Willet "concur[red] with Respondents that the District Court should stay this matter pending resolution of Petitioner's state court proceedings" and recommended a stay. (R. & R. at 5–6.)

## II.   LEGAL STANDARD

A district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A court need review only those portions objected to by a party, meaning a court can adopt without further review all portions not objected to. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For those portions of a Magistrate Judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress . . . intended to require a district judge to review a magistrate's report to which no objections are filed."); *Reyna–Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise.").

## III.   OBJECTIONS

Petitioner presents two objections to the R&R: (1) the Magistrate Judge erred by finding that he had not exhausted his *Miller* claim and therefore recommending a stay; and (2) the Magistrate Judge erred by not considering his argument that he is exempt from the exhaustion requirement. (Objs. at 1–3.) The Court addresses each objection in turn.

### A.   Exhaustion

Prisoners in state custody may petition the federal courts for a writ of habeas corpus to remedy violations of their federal constitutional rights. 28 U.S.C. § 2254(a). However, for a federal court to consider claims under 28 U.S.C. § 2254, a petitioner must first exhaust

all remedies in the state courts, "thus giving those courts the first opportunity to review all claims of constitutional error." *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)); 28 U.S.C. § 2254(b)(1)(A). By requiring the state courts to have had this opportunity, exhaustion "protects the state courts' role in the enforcement of federal law and prevents disruption of state judicial proceedings." *Dixon*, 847 F.3d at 718 (cleaned up). "The exhaustion requirement is rooted in the principle of comity, and 'reduces friction between the state and federal court systems by avoiding the unseem[lines] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.'" *Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)) (alteration in original).

To properly exhaust claims in Arizona, a petitioner must fairly present them to the Arizona Court of Appeals via either direct appeal of conviction or through appropriate post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) ("[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them."). If a petitioner fails to present the exact federal claim raised in habeas in prior proceedings or fails to present such a claim in one full round of the state appellate process, the claim is unexhausted. *See O'Sullivan*, 526 U.S. at 845 ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled . . . that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").

Petitioner argues that he has already exhausted his *Miller* claim because once the Arizona Court of Appeals accepted the stipulation to resentence him and remanded his case back to superior court, he had successfully completed one full round of Arizona's established appellate review process. (Objs. at 1–2; Reply to Limited Ans. at 4–5.)

- 6 -

Petitioner contends that because "the exhaustion doctrine does not demand *repeated* exhaustion of the same claim," the Court may proceed to the merits. (Objs. at 2.) He also faults the Magistrate Judge for failing to cite either *Rhines v. Weber*, 544 U.S. 269 (2005) or *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) in recommending a stay. (*Id.* at 3.)

Respondents counter that Petitioner has not yet exhausted his *Miller* claim because it is Petitioner's original post-conviction petition for relief that remains at issue in state court. (Resp. at 3.) And because there is, as of yet, no Arizona Court of Appeals decision addressing the analysis of the superior court's dismissal of that petition, Respondents claim that Petitioner has not completed one round of Arizona's appellate review process. (*Id.* at 3–4.) Therefore, contrary to Petitioner's arguments, the state court "proceedings constitute a continuous, lengthy litigation of the trial court's denial of [his] original petition for relief" and not an entirely new round of appellate review. (*Id.* at 4.)

The Court agrees with the Magistrate Judge that Petitioner's *Miller* claim is unexhausted.[3] Regardless of the propriety of the trial court relieving the State from a stipulation it made in the Arizona Court of Appeals, the fact of the matter remains that once it did, it proceeded to dismiss Petitioner's original post-conviction petition for relief. (*See* Doc. 33-8, Super. Ct. 11/10/21 Order at 2–3.) In essence, the trial court reopened Petitioner's original petition: Petitioner has not been forced to file "repetitive petitions." *See O'Sullivan*, 526 U.S. at 844; *Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011) ("If [p]etitioner properly argued his claims . . . during an *earlier* petition . . . they are exhausted and can be considered.") (emphasis added). Once the Arizona Supreme Court determines what is the correct route to appeal that reopening and dismissal—either through direct appeal or petition for review—Petitioner might then have presented the Arizona appellate courts with a fair opportunity to resolve his *Miller* claim. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the

---

[3] Although the Magistrate Judge did not explicitly state this conclusion, she necessarily found the claim unexhausted before recommending a stay. (*See* R. & R. at 5–6.) Further, contrary to Petitioner's argument, the fact that the Magistrate Judge recited the procedural history of the case does not imply that she "essentially explained that Mr. Purcell had satisfied the exhaustion requirement." (Objs. at 2.)

State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). Furthermore, if this Court were to bypass that process and proceed to entertain the merits of Petitioner's *Miller* claim, such an action would negate the purpose behind the exhaustion doctrine—comity between the federal and state court systems. *See Alfaro*, 862 F.3d at 1180. This is an action the Court will not take. Although Petitioner's frustration at the long, winding history of the state courts' consideration of his petition for post-conviction relief is understandable, it does not support his view that he has already exhausted his claim.

The Court also agrees with the Magistrate Judge's recommendation that a stay be issued until Petitioner has fully exhausted his *Miller* claim. Federal courts have discretion to stay a habeas petition when it partially or fully consists of unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) (partially unexhausted claims); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (fully unexhausted claims). However, that discretion is "available only in limited circumstances." *Rhines*, 544 U.S. at 277. Those circumstances exist when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Mena*, 813 F.3d at 910 (quoting *Rhines*, 544 U.S. at 278).

The Magistrate Judge did not reference *Mena* and *Rhines* in recommending a stay. (*See* R. & R. at 5–6.) However, it is clear to the Court that the requirements for entering a stay have been met. First, there is little question that Petitioner's *Miller* claim is potentially meritorious or that Petitioner's failure to exhaust does not stem from intentionally dilatory tactics. *See Mena*, 813 F.3d at 910. Indeed, neither party suggests as much. (*See* Objs. at 3; Resp. at 6.) Second, there is good cause for Petitioner's failure to exhaust, namely the evolving nature of the law surrounding Petitioner's *Miller* claim and the stipulation entered into, and subsequently withdrawn, by the State. *See Mena*, 813 F.3d at 910; *Dixon*, 847 F.3d at 720–21 (noting that "good cause under *Rhines* does not require a showing of extraordinary circumstances" but rather "a concrete and reasonable excuse, supported by

evidence").

Therefore, the Court agrees with the Magistrate Judge's recommendation that this case be stayed and held in abeyance pending the resolution of Petitioner's state court proceedings and overrules Petitioner's objection.

**B.    Ineffective State Corrective Process**

When habeas petitioners fail to exhaust their claims in state court, such failure may be excused if (1) "there is an absence of available State corrective process" or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii). The second exception applies "if the [state] corrective process is so clearly deficient as to render futile any effort to obtain relief." *Alfaro*, 862 F.3d at 1180 (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam)) (alteration in original).

Petitioner also argues that the Magistrate Judge erred because she failed to consider the alternative argument made in his Reply that he is exempt from the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(B)(ii). (Objs. at 3.) Petitioner avers that the Court "should conclude that allowing the state to renege on its resentencing stipulation neuters the Arizona postconviction process for [Petitioner]" to such a degree as to render the entire corrective process ineffective. (*Id.*) Respondents contend that Petitioner did not properly raise such a claim in his Reply because he only argued that "[i]f the state is allowed to persist in its refusal to resentence Mr. Purcell as it previously agreed to do, then he should not see both sets of courthouse doors closed to him." (Resp. at 6–7 (quoting Reply to Limited Ans. at 5–6).) But regardless of whether this properly presented the argument, Respondents claim that the Magistrate Judge properly, albeit implicitly, rejected it in recommending a stay. (*See id.* at 7.) The Court agrees with Respondents.

Petitioner has failed to demonstrate in any meaningful way how the superior court allowing the State to withdraw from its stipulation renders Arizona's corrective process "ineffective" to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). Beyond acknowledging that this exception to exhaustion exists, the sum of Petitioner's argument

amounts to blanket assertions. (*See* Reply to Limited Ans at 5–6; Objs. at 3.) As outlined above, the Arizona Supreme Court is currently determining how Petitioner may challenge the withdrawal from the stipulation and dismissal of his petition for post-conviction relief. The Arizona Supreme Court's review belies Petitioner's claim that his effort to obtain relief is futile. The Court concludes that the second exception to the exhaustion requirement does not apply and overrules Petitioner's objection.

## IV.    CONCLUSION

The Court agrees with the Magistrate Judge that Petitioner's *Miller* claim is unexhausted and that a stay is appropriate under the unique circumstances of this case.

**IT IS ORDERED** overruling the Objections to the Magistrate's Report and Recommendation (Doc. 47).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 46).

**IT IS FURTHER ORDERED** staying this matter until final resolution of Petitioner's state court proceedings.

**IT IS FURTHER ORDERED** directing Respondents to file a status report regarding the progress of Petitioner's state court proceedings every ninety (90) days from the date of this Order.

**IT IS FURTHER ORDERED** that Petitioner shall file a notice with the Court within fourteen (14) days of the conclusion of his state court proceedings.

Dated this 16th day of August, 2022.

_____
Susan R. Bolton
United States District Judge